IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STANFORD L. WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 110-005 |
| ) | |
| JOHN E. POTTER, Postmaster General; ) | |
| JACKIE WATSON; and FELTON ) | |
| MITCHELL, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination complaint *pro se* and is proceeding *in forma pauperis* ("IFP"). As discussed below, Plaintiff has filed an amended complaint, and because this amended complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

The Court previously reviewed Plaintiff's original complaint in conformity with the IFP statute. However, because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 5). Plaintiff submitted an amended complaint (doc. no. 6), and it is this document that the Court will now screen.

# I. BACKGROUND

Liberally construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names as Defendants: (1) John E. Potter, Postmaster General; (2) Jackie Watson; and (3) Felton Mitchell. According to Plaintiff (a white male), Defendant Watson is the plant manager at the United States Post Office, specifically the processing and distributing ("P&D") facility in Augusta, Georgia, and Defendant Mitchell was his supervisor at the same facility. (Doc. no. 6, p. 9). In his amended complaint, Plaintiff describes various instances of "discrimination and harassment" that allegedly occurred between October 2007 and March 2008. (Id. at 10). Specifically, Plaintiff alleges that he was disciplined by Defendant Mitchell multiple times for being absent without leave ("AWOL") when he failed to clock in at the required time, while other employees (specifically females of different races) were not charged for being AWOL, even though they too were purportedly late for work on several occasions. (Id. at 11). Plaintiff also alleges that he was disciplined for having full bins, while an African American male employee and a white female employee were not. (Id. at 12). Plaintiff goes on to state that he was told by Defendant Mitchell that he could not leave his assigned work area without permission and that he was not allowed to use the intercom system, even though other employees were allowed to do so. (Id. at 12, 13). Plaintiff further complains that Defendant Mitchell once followed him to the time clock, which Plaintiff apparently believes was unnecessary. (Id. at 13).

Plaintiff goes on to state that Defendant Watson glared at him on two occasions and made "condescending remarks" to him, although he does not detail the content of those alleged remarks. (Id. at 12, 13). Defendant Watson also allegedly "badger[ed]" Plaintiff

2

about an unspecified event. (Id. at 12). According to Plaintiff, Defendant Mitchell also "hollered at" him one time after he clocked out for lunch. (Id. at 13).

Finally, Plaintiff alleges that he put his name on the "Overtime Desired List" for the October to December 2007 quarter but that "on a consistent basis," African American female employees who were not on the list were given more overtime than Plaintiff. (Id. at 11-12). Plaintiff also alleges that on one occasion, he was completely denied the opportunity to work overtime in favor of an African American female employee. (Id.). As relief, Plaintiff requests compensation for his pain and suffering, as well as compensation that he would have received if he had remained a "full time employee." (Id. at 10). Plaintiff also requests to be re-instated as a full time employee or some other comparable position. (Id.).[1]

## II. DISCUSSION

### A. Claims Against Individual Employees

As noted above, Plaintiff has sued Defendant Watson, the plant manager at the Augusta P&D facility, and Defendant Mitchell, his supervisor at the same facility, for the alleged discriminatory and harassing actions described above. However, as stated in an opinion by the Honorable Dudley H. Bowen, Jr., United States District Judge, "Title VII prevents co-workers and supervisors from being subject to suit. Instead, the head of the federal agency involved is the proper defendant. . . . Moreover, supervisors are not liable in their individual capacities for Title VII violations." Roland v. Potter, 366 F. Supp. 2d 1233, 1235 (S.D. Ga. 2005) (internal citations omitted). Indeed, 42 U.S.C. § 2000e-16(c)

---

[1] Plaintiff notes that he now works as a "part-time regular clerk" at a U.S. Post Office facility in Martinez, Georgia. (Doc. no. 6, p. 10).

3

specifically provides that a federal employee may only file a Title VII complaint against "the head of the department, agency, or unit, as appropriate." Accordingly, this circuit has repeatedly held that a district court properly dismisses individual federal employees named as defendants in a Title VII action. See Canino v. United States Equal Employment Opportunity Comm'n, 707 F.2d 468, 472 (11th Cir. 1983); Newbold v. United States Postal Serv., 614 F.2d 46, 47 (5th Cir. 1980)[2]; see also Garcia-Cabrera v. Cohen, 81 F. Supp. 2d 1272, 1278 (M.D. Ala. 2000) (dismissing individual federal employees from Title VII suit).[3] Therefore, Defendant Watson and Defendant Mitchell should be dismissed from this action.

**B.     Claims Against Defendant Potter**

As to Defendant Potter, liberally construing Plaintiff's allegations and giving him the benefit of all reasonable inferences from the facts alleged, his allegations regarding the purported yelling, condescending remarks, and unwelcome "glares" fail to state a claim under Title VII. Although Plaintiff is apparently attempting to assert a claim for a hostile work environment with respect to these allegations, his allegations fall short of the mark. When asserting a claim for a hostile work environment, a plaintiff must show that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] Notably, this rule comports with the rule applicable to Title VII actions instituted by non-federal employees that, in such cases, the proper defendant is the plaintiff's employer, not individual employees. See Cross v. State of Ala., State Dep't of Mental Health, 49 F.3d 1490, 1504 (11th Cir. 1995) ("We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.").

4

harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory, abusive working environment; and (5) the employer was responsible for such environment under either a theory of vicarious or direct liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

To begin, the Court liberally construes Plaintiff's allegations and assumes *arguendo* that Plaintiff's allegations establish the first three elements under Miller, as he has alleged that he is a white male employee who was subject to yelling and unwelcome comments and "glares," and that other employees who were female and of different races were not subject to the same behavior. However, as is the case with many litigants attempting to assert a hostile work environment claim, Plaintiff has failed to establish that this purported conduct was "sufficiently severe or pervasive to alter the terms and conditions of his employment . . . ." Id. To establish this fourth element of a hostile work environment claim, a plaintiff must demonstrate that "the harassing conduct created both an objectively hostile or abusive environment-one that a reasonable person would find hostile-and a subjective[ly] hostile or abusive environment-one that the victim subjectively perceives to be abusive." Brantley v. City of Macon, 390 F. Supp. 2d 1314, 1324 (M.D. Ga. 2005) (internal quotations and citations omitted). When determining whether a work environment is sufficiently hostile under this standard, there are four general factors to be considered: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Gupta v. Fla. Bd. of Regents, 212 F.3d

571, 584 (11th Cir. 2000). Stated differently, "a plaintiff must show that 'the workplace is *permeated* with discriminatory intimidation, ridicule, and insult, that is sufficiently severe to alter the conditions of the victim's employment and create an abusive working environment.'" Rojas v. Fla., 285 F.3d 1339, 1344 (11th Cir. 2002) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)) (emphasis added).

Notably with respect to the instant action, the Supreme Court has stated that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). Rather, the standard for asserting a hostile work environment claim is stringent and "sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" Id. at 788 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)); see also Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997) ("Title VII is not a federal guarantee of refinement and sophistication in the workplace . . . ."); Waite v. Blair, Inc., 937 F. Supp. 460, 468 (W.D. Pa. 1995) ("The mere fact that a work environment may prove to be intolerable to a particular employee does not necessarily implicate Title VII, since the civil rights laws do not guarantee a working environment free of stress.").

In addition, the Eleventh Circuit has noted that occasional yelling by a supervisor is not actionable harassment. See Bussell v. Motorola, Inc., 141 Fed App'x 819, 823 (11th Cir. 2005), *vacated by* 549 U.S. 801 (2006), *reinstated by* 228 Fed. App'x 832 (11th Cir. 2006). As stated by another court, "Title VII . . . does not operate as a general ban on yelling, swearing, screaming and other rude or offensive behavior." Paape v. Wall Data, Inc., 934

F. Supp. 969, 977 (N.D. Ill. 1996); see also Hesse v. Avis Rent A Car Sys., Inc., 394 F.3d 624, 630 (8th Cir. 2005) (finding that "two years of frequent yelling" and other incidents were not sufficiently pervasive or severe); Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 243 (4th Cir. 1997) (determining that a plaintiff who alleged that her supervisor yelled at her and told others to ignore her and spy on her had not established a Title VII claim); Herawi v. State of Ala. Dep't of Forensic Scis., 311 F. Supp. 2d 1335, 1351 (M.D. Ala. 2004) (finding that yelling and other negative comments could not establish hostile work environment because such conduct was not sufficiently pervasive or severe); Heba v. New York State Div. of Parole, 537 F. Supp. 2d 457, 468 (E.D.N.Y. 2007) (finding that while employer's angry outbursts were "inappropriate," they did not "constitute an environment of pervasive hostility and abuse").

Here, Plaintiff has alleged that Defendants Watson and Mitchell yelled at him on three occasions (in total), glared at him, and made condescending remarks to him. However, based on the case law cited above, the Court does not find that such behavior, even when viewed collectively, was so pervasive and severe so as to alter the terms and conditions of his employment. While the conduct of Defendants Watson and Mitchell may have been inappropriate in the workplace and may have caused Plaintiff a certain amount of stress, the Court does not find that such actions were sufficiently pervasive or severe to state a claim for hostile work environment. Furthermore, as noted above, Title VII was not enacted to

guarantee a work environment free of stress. See Waite, 937 F. Supp. at 468. Accordingly, these claims should be dismissed from this action.[4,5]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Watson and Mitchell be **DISMISSED** from this action and that Plaintiff's claims against Defendant Potter regarding the yelling and unwelcome comments and looks Plaintiff experienced be **DISMISSED** for failure to state a claim upon which relief may be granted.[6]

SO REPORTED and RECOMMENDED this 20th day of April, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] Because Plaintiff has failed to establish that the alleged behavior was sufficiently pervasive or severe, the Court need not determine whether Plaintiff has sufficiently alleged that his employer was directly or vicariously responsible for the behavior. See Miller, 277 F.3d at 1275.

[5] To the extent Plaintiff may be alleging that he was discriminated against because he was re-assigned to a different facility and demoted to a part-time employee, the Court finds that any such claims should be dismissed because he has not alleged that he was displaced by someone outside his protected class or that similarly situated employees outside his protected class were not re-assigned or demoted. See Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1031 (11th Cir. 2008) (noting that in order to assert a claim for gender discrimination, the plaintiff must show, *inter alia*, that he was displaced by someone outside the protected class); EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000) (noting that in order to assert a claim for racial discrimination, the plaintiff must show, *inter alia*, that his employer treated similarly situated employees outside of his protected class more favorably than he was treated).

[6] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Potter as to Plaintiff's claims regarding denial of overtime opportunities and discriminatory discipline.

8