IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| STANFORD L. WEAVER, | * | |
| Plaintiff, | * | |
| v. | * | CV 110-005 |
| JOHN E. POTTER, Postmaster General, | * | |
| Defendant. | * | |

**O R D E R**

Presently before the Court is Plaintiff's Request for a Jury Trial. (Doc. no. 38.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the present lawsuit on January 13, 2010. (Doc. no. 1.) The United States Magistrate Judge reviewed Plaintiff's Complaint pursuant to the IFP statute and determined it failed to meet the requirements of the Federal Rules of Civil Procedure 8 and could not be screened at that time. Plaintiff was directed to file an amended complaint. (Doc. no. 5.)

On February 17, 2010, Plaintiff filed his Amended Complaint, asserting claims including hostile work environment and

discrimination under the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* (Doc. no. 6.) The Magistrate Judge issued a Report and Recommendation stating that Plaintiff's claims for hostile work environment and all claims arising from Plaintiff's reassignment to a part-time position should be dismissed. (Doc. no. 8.) The Magistrate Judge, however, found that Plaintiff had *arguably* stated claims for race and gender discrimination based on disparate discipline and disparate treatment in the denial of overtime opportunities. (Doc. no. 7.) Plaintiff did not object to the Report and Recommendation, and it was adopted by this Court on June 17, 2010. (Doc. no. 19.)

On June 24, 2010, Defendant filed a motion to dismiss. (Doc. no. 20.) The Court granted the motion with regard to Plaintiff's disparate discipline claim, but denied it as to Plaintiff's overtime claim. Thereafter, on February 14, 2011, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's only remaining claim. (Doc. no. 30.) In his motion, Defendant only provided reasons why Plaintiff was sent home and not allowed to work overtime on one occasion. Because he failed to articulate legitimate, nondiscriminatory reasons for denying Plaintiff overtime on a consistent basis over the course of a calendar quarter, the Court denied Defendant's summary judgment motion. (Doc. no. 37.)

On September 9, 2011, Plaintiff filed his "Pre-trial Motions." (Doc. no. 38.) In its October 7, 2011 Order, the Court rejected

Plaintiff's requests that the Court (1) appoint him counsel; (2) clarify its July 20, 2011 Order; and (3) hold a special hearing to discuss the case.  (Doc. no. 40.)  The Court, however, did not address Plaintiff's request for "a trial by jury if the case is to proceed to trial."  (See id.)  Accordingly, the Court now denies Plaintiff's request for a jury trial based on his untimely demand.

### III. DISCUSSION

The Seventh Amendment right to a civil jury is not absolute and may be waived if the request for a jury is not timely.  Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995).  Nevertheless, because the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver.  Id. (citing Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937)).

The procedure for determining the timeliness of a party's jury demand is contained in Federal Rule of Civil Procedure 38, which states that "[a] party waives a jury trial unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d).  A party makes a timely demand for jury trial by: (1) serving the other parties with a written demand — which may be included in a pleading — *no later than 14 days after the last pleading directed to the issue is served*; and (2) filing the demand in accordance with Rule 5(d).  Fed. R. Civ. P. 38(b) (emphasis added).  The meaning of pleading is

governed by the text of Federal Rule of Civil Procedure 7.[1]  Burns, 53 F.3d at 1241.

In this case, Defendant filed his Amended Answer on January 5, 2011 (doc. no. 27), and Plaintiff did not file his demand for a jury trial until September 9, 2011 (doc. no. 38).  Therefore, Plaintiff filed his jury demand over nine (9) months after the last pleading was served.  Accordingly, Plaintiff waived his right to a jury trial by failing to demand a jury trial within the time limits set forth in Rule 38(b)(1).

To the extent that Plaintiff's motion requesting a jury trial is considered a motion under Federal Rule of Civil Procedure 39(b), the Court declines to order a jury trial.  The Eleventh Circuit has instructed that the general rule governing belated jury requests under Rule 39(b) is that the trial court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." Swofford v. B & W, Inc., 336 F.2d 406, 408 (5th Cir. 1964).[2]  District courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the

---

[1] Federal Rule of Civil Procedure 7 provides that pleadings are: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

court's schedule or that of the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983). When reviewing a district court's denial of a belated jury request, the Eleventh Circuit gives considerable weight to the movant's excuse for failing to make a timely jury request. Id.

Analyzing Plaintiff's motion for a jury trial in terms of these factors, the Court declines to grant the motion. Neither Plaintiff nor Defendant has put forth any arguments as to whether the Court should grant Plaintiff's motion. In fact, Plaintiff's motion is mainly a recitation of his settlement discussions with the Assistant United States Attorney in this case. Moreover, Defendant fails to respond to or recognize Plaintiff's request for a jury trial.

The Court can find no evidence suggesting whether (1) a judge or jury would be the more competent fact-finder in this case, (2) a jury trial would disrupt the Court's schedule or the parties' schedules, (3) presenting the case to a judge or jury would unduly prejudice the Defendant, or (4) a jury trial would cause an unreasonable delay. The Court simply cannot ignore the complete lack of explanation as to why Plaintiff failed to timely request a jury trial. There is no indication that Plaintiff's *pro se* status prevented him from learning of the requirement to request a jury trial. Because the movant's reason for delay should be given

5

considerable weight, this Court will not grant Plaintiff's motion because the Court has no evidence regarding the reason for Plaintiff's delay.

### III. CONCLUSION

Upon the foregoing, Plaintiff's Request for a Jury Trial (doc. no. 38) is hereby **DENIED**. This case will proceed to a bench trial.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of February, 2012.

```
                            _____
                            HONORABLE J. RANDAL HALL
                            UNITED STATES DISTRICT JUDGE
                            SOUTHERN DISTRICT OF GEORGIA
```